**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000132**
**30-JUN-2014**
**09:27 AM**

NO. CAAP-11-0000132

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
IKAIKA PUA AHINA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 09-1-0702(4))

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Ikaika Pua Ahina (Ahina) appeals from the February 18, 2011 Judgment in which Ahina was convicted of one count of Driving While License Suspended or Revoked (DWLSR) in violation of Hawaii Revised Statutes (HRS) § 286-132 (2007)[1] and one count of Promoting a Detrimental Drug in the

---

[1]    HRS § 286-132 provides:

> **Driving while license suspended or revoked.**  Except as provided in section 291E-62, no resident or nonresident whose driver's license, right, or privilege to operate a motor vehicle in this State has been canceled, suspended, or revoked may drive any motor vehicle upon the highways of this State while the license, right, or privilege remains canceled, suspended, or revoked.

Third Degree (PDD) in violation of HRS § 712-1249 (1993)[2] entered by the Circuit Court of the Second Circuit (Circuit Court).[3]

On appeal, Ahina challenges these convictions on the basis that certain evidence was improperly admitted at trial and as a result, there was insufficient admissible evidence in support of each conviction.[4]

After careful consideration of the issues raised and arguments made by the parties, the record and applicable legal authority, we resolve Ahina's points on appeal as follows:

1. Relevant to his DWLSR conviction, Ahina challenges, on plain error review, the admission of (a) the testimony by Debbie Silva (Silva), a service representative with the Maui County Department of Motor Vehicles (MDMV) and custodian of records, and (b) State's Exhibit 6, a letter written by Silva containing "a summary of [Ahina]'s driver's license information[,]" arguing that both were admitted in violation of Hawaii Rules of Evidence (HRE) Rules 801, 802, 803(b)(6), 803(b)(8), 1001(1) and 1002.

We agree that it was plain error to admit Silva's testimony regarding the results of her search of MDMV records. Silva's testimony that, on the date of the offense, Ahina's "driver's license reflected a revocation, a revoked status[,]" was testimony regarding a public record, used to prove the truth

_____

[2] HRS § 712-1249(1), Promoting a detrimental drug in the third degree, provides that: "A person commits the offense of promoting a detrimental drug in the third degree if the person knowingly possesses any marijuana or any Schedule V substance in any amount." Ahina was charged with possession of marijuana only.

[3] The Honorable Richard T. Bissen, Jr. presided.

[4] Ahina argues that: (1) there was insufficient evidence supporting his conviction for PDD; (2) the Circuit Court erred in admitting test results showing the presence of THC in the residue of a pipe found in his possession; (3) the Circuit Court erred in admitting evidence seized incident to a warrantless search; (4) the Circuit Court erred in admitting inadmissible hearsay evidence; and (5) the Circuit Court erred in allowing the use of the hearsay testimony and a letter to prove the contents of documents and records that were not themselves offered into evidence.

of the matter asserted. HRE Rules 801, 802, and 803(b)(8).[5] However, to prove the contents of a public record, which is, *inter alia*, a writing, including a data compilation held in the custody of any department or agency of the government, the "original," or in the case of computer records, a printout of the contents, is required. HRE Rules 1001 (3), (5) and 1002, provide that, if otherwise admissible, the public record may be proved by copy, certified as correct in accordance with rule 902 or testified to be correct by a witness who has compared it with the public record.

Here, no writing, printout or other copy was offered. Silva did not testify that she had personal knowledge that Ahina's license was revoked on the pertinent date. She learned that information from perusal of the public records. See A. Bowman, Hawaii Rules of Evidence Manual § 1002-1[3], at 10-5 (2012-2013 ed.) ("If the witness'[s] knowledge of the matter derives solely from having perused a document, then the testimony would be offered to prove the contents of the writing, however it may be phrased."). Similarly, State's Exhibit 6, was a letter prepared by Silva at the request of the prosecutors, without a printout of the MDMV records themselves.

Moreover, this letter stated,

> On December 03, 2009, The defendant did not have a active/valid Hawaii driver's license and/or instructional permit. On the violation date the defendant's status relected [sic] an expired revocation that ended 02/19/2004 and requires clearance from the Administrative Revocation Office. Defendant has a outstanding violation flag that need [sic] to be cleared.

---

[5] HRE Rule 803(b)(8), Hearsay exceptions; availability of declarant immaterial, provides, in pertinent part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness: . . . (b) Other Exceptions. . . . (8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency[.]

(Format altered.)

(Emphasis added.) To the extent that the letter represented that Ahina's *revocation* had expired on February 19, 2004, well before the date in question, it contradicted Silva's testimony, and in any event did not establish revocation of Ahina's driver's license on the relevant date. Neither testimony nor exhibit was competent evidence to prove the status of Ahina's driver's license. Thus, the evidence presented by the State did not establish that, on the date of the offense, Ahina's driver's license was revoked as was required under HRS § 286-132.

> It is well established, as a precept of constitutional as well as statutory law, that an accused in a criminal case can only be convicted upon proof by the prosecution of every element of the crime charged beyond a reasonable doubt. . . . A conviction based on insufficient evidence of any element of the offense charged is a violation of due process and thus constitutes plain error.

State v. Puaoi, 78 Hawai'i 185, 191, 891 P.2d 272, 278 (1995) (internal citations and quotation marks omitted).

2. Ahina also challenges the sufficiency of the evidence in support of his PDD conviction as there was no evidence that he possessed any part of the cannabis plant. The State agrees and we concur. As charged here, the offense requires proof that the offender possess marijuana in any amount. Marijuana is defined by statute[6] as the plant and plant parts, but does not include tetrahydrocannabinol, also known as THC. State v. Choy, 4 Haw. App. 79, 82 n.5, 661 P.2d 1206, 1209 n.5 (1983). As the State concedes and our review of the record confirms, there was no evidence that Ahina possessed any part of

---

[6] The statutory definition of marijuana for the purpose of PDD is

> any part of the plant (genus) cannabis, whether growing or not, including the seeds and the resin, and every alkaloid, salt, derivative, preparation, compound, or mixture of the plant, its seeds or resin, except that, as used herein, "marijuana" does not include hashish, tetrahydrocannabinol, and any alkaloid, salt, derivative, preparation, compound, or mixture, whether natural or synthesized, of tetrahydrocannabinol.

HRS § 712-1240 (1993).

4

the marijuana plant, only that the substance found in the pipe he possessed tested positive for THC.[7]

Therefore, the February 18, 2011 Judgment of the Circuit Court of the Second Circuit is reversed.

DATED:   Honolulu, Hawai'i, June 30, 2014.

On the briefs:

Benjamin E. Lowenthal,
for Defendant-Appellant.

Artemio C. Baxa,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[7]     The determination that there was insufficient evidence that Ahina possessed marijuana makes it unnecessary for us to address the propriety of the admission of the fruits of the search of his pockets incident to his arrest or evidence of the arresting officer's field test for THC.